REDMANN, Chief Judge,
concurring.
The widow-beneficiary does not by appeal or answer ask us to give her 100% of Conrad Dale Stout’s retirement and pension funds as their designated beneficiary. The two children, on the other hand, do not ask us, as might in some circumstances be demandable under La.C.C. 1507 for protection of their legitime, for more than 50% of their father’s separate and community portions of those funds (indeed, they do not even allege any encroachment upon their legitime — though the widow may know that encroachment exists). (Thus the award to the widow-beneficiary of her half of the community portion plus half of decedent’s separate and community portions of the funds is not in dispute, and ought to be executed ■ forthwith: it is now over five years since her husband’s death — during the last three of which the funds have sat in the registry of the court!)
The sole question on appeal is — assuming that 100% encroachment exists, requiring withholding of the described 50% of the father’s portion (if so, why not give it to the children?) — whether the withheld portion should be delivered to the father’s succession.
I agree it should not. A decedent’s succession cannot act on behalf of a major forced heir to present a demand for reduction of a donation as in excess of the disposable portion. The decedent’s succession should not even have been cited in this concursus proceeding, for the only conceivable claimants other than the named beneficiary were the major forced heirs.
I therefore concur in reversing the trial court’s award of that 50% of the father’s portion of the funds to the father’s succession.